1  NICHOLAS M. WAJDA (State Bar #259178)
2  Attorney Email Address: nick@wajdalawgroup.com
   WAJDA LAW GROUP, APC
3  11400 West Olympic Boulevard, Suite 200M
   Los Angeles, California 90064
4  Telephone: (310) 997-0471
   Facsimile: (866) 286-8433
5  *Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA L. COLASANTI-EMILIANI, and STEFANO COLASANTI-EMILIANI, <br><br> Plaintiffs, <br><br> v. <br><br> I.Q. DATA INTERNATIONAL, INC., <br><br> Defendant. | Case No. 5:19-cv-01203 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW comes DEBRA L. COLASANTI-EMILIANI ("Debra") and STEFANO COLASANTI-EMILIANI ("Stefano") (collectively "Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiffs' federal questions claims.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4.   Plaintiffs are consumers over 18 years of age residing in Temecula, California, which is located within the Central District of California.

5.   Plaintiffs are "person[s]," as defined by 47 U.S.C. §153(39).

6.   Defendant is a third party debt collector that "has been serving the collection needs of businesses and consumers since 1998."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal places of business located at 21222 30th Drive Southeast, Suite120, Bothell, Washington. Defendant engages in collection activity throughout the United States, including the state of California.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://iqdata-inc.com/about-us

2

9. The instant action arises out of Defendant's unlawful attempts to collect upon an apartment rental debt ("subject debt") purportedly owed to Arbors at California Oaks ("Arbors").

10. As a result of Plaintiffs' tenancy with Arbors, they were taken to court for eviction proceedings.

11. On January 19, 2018, judgment in connection with the eviction was entered in favor of Arbors for a total of $3,089.40, which included $1,368.00 in past-due rent, $866.40 in holdover damages, $500.00 in attorney fees, and an additional $355.00 in costs.

12. Debra was the named plaintiff in the eviction proceedings, although the judgment applied to all occupants of the premises, including Stefano.

13. Roughly a year after judgment was entered against Plaintiffs and Plaintiffs had not made any payments towards the subject debt, Debra noticed that Defendant was reporting the subject debt to the various credit bureaus, causing the debt to appear on her credit report.

14. Debra noticed the reporting of the debt upon Plaintiffs experiencing difficulty being able to rent an apartment as a result of their credit scores.

15. As a result of Plaintiffs' difficulties, Plaintiffs have been forced to live in a hotel until they establish sufficient credit to be lease-worthy.

16. In an effort to address these issues, Plaintiffs have been cognizant of clearing up their credit issues, including the issues in relation to the subject debt.

17. However, in relation to the subject debt, Defendant was reporting an amount substantially larger than the overall total of the judgment – approximately $4,000 more that the actual judgment.

18. Confused and concerned by this incorrect information, Debra contacted Defendant about the subject debt and in an effort to work towards resolving the subject debt.

19. Debra told Defendant that the amount it was reporting was inaccurate and that she would be willing to work with them on addressing the correct balance.

20.   Defendant advised that it would send Debra a bill for the subject debt.

21.   On or about March 28, 2019, Defendant sent or caused to be sent to Debra a collection letter ("March 28th Letter") attempting to collect upon the subject debt. *Exhibit A.*

22.   The March 28th Letter was the first written correspondence Plaintiffs received from Defendant.

23.   The March 28th Letter states that the "Principal Due" on the subject debt is $7,763.50 and the "Interest Due" is $607.47, for a total balance of $8,370.97.

24.   The March 28th Letter further advises that Arbors is the creditor and the letter is sent in reference to "R01-Account #: ******1636."

25.   As the initial written communication with Plaintiffs, Defendant's March 28th Letter appears to contain the disclosures required to be included in such communications under 15 U.S.C. § 1692g(a). See *Exhibit A.*

26.   On or about April 10, 2019, Defendant sent or caused to be sent to Debra an additional collection letter ("April 10th Letter") attempting to collect upon the subject debt. *Exhibit B.*

27.   The April 10th Letter is *exactly* the same as the March 28th Letter (i.e., sent in connection to same account number, same creditor, includes same information required to be provided in initial communications under § 1692g(a)), except that the total balance somehow increased significantly over the course of 13 days.

28.   The April 10th Letter states that the principal due is now $9,255.55 and that interest due is $747.30, for a total balance of $10,002.85.

29.   Becoming further confused and concerned about the true status of the subject debt given Defendant's conflicting and confusing collection letters and the complete absence of *any* explanation as to why the balances increased, Debra went to Arbors to be provided an accurate breakdown of the subject debt.

30.   On or about April 22, 2019, Debra was provided a statement regarding the subject debt directly from Arbors.

31.   This statement itemized the various components of the subject debt and provided that the total due to Arbors in connection with the subject debt was $3,089.40 – the amount of the judgment entered by the court. *Exhibit C.*

32.   Arbors advised Debra that it would provide this information to Defendant so that Defendant would begin attempting to collect the correct amount.

33.   However, Defendants are still reporting the subject debt on both Plaintiffs' credit reports at the significantly inflated amounts.

34.   Furthermore, neither Debra nor Stefano's credit reports reflect that the subject debt is disputed, despite the information provided to Defendant by both Debra and Arbors.

35.   As a result of the above outlined conduct, Plaintiffs have been subjected to significant emotional distress stemming primarily from their inability to obtain suitable housing as a result of Defendant's blatantly inaccurate credit reporting.

36.   Plaintiffs were further distressed by the general nature of Defendant's attempts to collect an amount *significantly* greater than the amount due.

37.   Furthermore, Defendants' collection letters contain several infirmities and conflicting information which render the language in such letters deceptive, misleading, and unfair in violation of the FDCPA.

38.   The language in the letters represent a violation of Plaintiffs' substantive rights to receive clear, truthful information regarding a debt in a manner that allows consumers to go about intelligently addressing the nature of their obligations.

39.  Plaintiffs have further been unfairly and unnecessarily harassed by Defendant's actions, and have suffered further concrete harm including undue anxiety about the extent of their obligations to Arbors and lost time dealing with Defendant's confusing and conflicting information.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiffs repeat and reallege paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

42. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

43. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

44. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692d

45. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

46. Defendant violated §1692d when it harassingly and abusively attempted to collect an amount substantially larger than Plaintiffs' obligation on the subject debt. Sending collection letters attempting to collect such an amount, and further reporting the grossly inflated amounts to the credit bureaus with knowledge such amounts are inflated, is conduct which has, and had, the natural consequence of harassing, oppressing, and abusing Plaintiffs.

### b.  Violations of FDCPA § 1692e

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. In addition, this section enumerates specific violations, such as:

"The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

"The threat to take any action that cannot legally be taken . . . ." 15 U.S.C. § 1692e(5);

"Communicating, or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

49. Defendant violated § 1692e, e(2)(A), e(5), and e(10) through its attempts to collect an amount from Plaintiffs larger than their actual obligation on the subject debt. It was a false representation as to the character of the subject debt for Defendant to repeatedly suggest that Plaintiffs owed this amount, both through the collection letters and through Defendant's reporting of the subject debt on Plaintiffs' credit reports. It is clear given the nature of the underlying judgment and the statement provided by Arbors to Debra that Defendant's collection activity was done in a blatantly deceptive attempt to compel Plaintiffs to pay an amount *much larger* than their actual obligation on the subject debt.

50. Defendant violated § 1692e, e(2)(A), and e(10) through the manner in which it increased the amount between the March 28th Letter and April 10th Letter, absent any explanation or indication as to why the balance was subjected to such an increase.

51. Defendant further violated § 1692e, e(2)(A), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject to Plaintiffs in the collection letters sent to Debra. As the courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was

7

determined if the demand for payment includes add-on expenses like attorney's fees and collection costs." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004).Even though Defendant was collecting the incorrect amount, it nevertheless had a duty, under the FDCPA, to communicate *how* the balance of the subject came about -  including whether the overall balance comprised of add-on expenses like attorney's fees and collection costs. Defendant's collection letters failed to uphold this standard. Given the difference between the amount of the judgment entered and the amounts sought to be collected in the collection letters, it is clear that *something*, beyond the purported interest Defendant referenced, had to result in the balance becoming so high. Defendant's failure to provide a clear indication or explanation for the significant increases is in violation of the FDCPA.

52. Defendant also violated § 1692e, e(2)(A), e(5), and e(10) when it falsely represented that interest was being sought in connection with the subject debt. Although Defendant was the debt collector, Arbors was still the underlying holder of the subject debt. Therefore, Arbors, not Defendant, would be vested with the determination as to whether it would seek interest in connection with the subject debt. Clearly, by virtue of the statement provided by Arbors to Debra, Arbors was not intending to collect such interest and has ostensibly waived its ability to collect such interest. Therefore, Defendant's representations to the contrary in the collection letters is a false, misleading, and deceptive attempt to compel Plaintiffs to pay money in connection with the subject debt which would not be properly collectible by Defendant – and was further designed to compel Plaintiffs to address the subject debt promptly lest they be subjected to further interest charges.

53. Further, Defendant violated § 1692e, e(2)(A), and e(10) when, in the March 28th Letter, it failed to adequately disclose the overall balance of the subject debt. Even though Defendant falsely represented the balance and that the subject debt was accruing interest, the fact Defendant's letter

mentions interest demonstrates that Defendant's collection letter needed to provide further information about such accruing interest in order to comply with the FDCPA. Specifically, Defendant, in order to accurately reflect the purported amount owed, should have indicated to Plaintiff that, due to interest or other charges that may vary, the amount Plaintiffs pays on the date they made payment may require an adjustment due to the continuing accrual of interest (i.e., Plaintiffs may have to pay more than the amount reflected in the initial communication). Defendant's failure in this regard is in violation of the FDCPA.

54. Defendant violated § 1692e, e(2)(A), and e(10) through the conflicting information provided in the multiple collection letters it sent to Plaintiffs. Upon receiving the March 28th Letter, Defendant provided the requisite information regarding the 30-day timeframe within which Plaintiff must dispute the subject debt. The similar representations in the April 10th letter, made within the 30-day timeframe established by the March 28th Letter, was confusing to Plaintiff and is confusing to consumers as it misrepresents the nature and extent of their rights to dispute the subject debt. The FDCPA provides consumers with the right and ability to dispute debts to debt collectors within 30 days of receiving the dunning letter. Consequently, consumers run the risk of waiving their ability to dispute a debt by relying on a false subsequent validation notice received within the original dunning letter's 30 day period. Defendant's false, misleading, and conflicting presentment of Plaintiff's dispute and validation rights under 15 U.S.C. § 1692g(a) has the material effect of confusing Plaintiffs and consumers as to their rights to dispute a debt. Moreover, by sending multiple letters containing

55. Defendant's further violated § 1692e, e(2)(A), e(8), and e(10) through their inaccurate reporting of the subject debt on Plaintiffs' credit reports. Despite Defendant having been provided notice that Plaintiffs disputed the amount of the debt, Defendant continued reporting the subject debt on Plaintiffs' credit reports at the grossly inflated amount, without noting that the debt is

disputed. By virtue of speaking with Debra and based on the information that would have been provided by Arbors, Defendant knew or should have known that the information it is reporting is inaccurate. Defendant's failure in this regard has caused significant damages to Plaintiff stemming from the impact Defendant's misreporting has had on Plaintiffs' credit scores.

### c.  Violations of FDCPA § 1692f

56. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

57. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect an amount from Plaintiffs greater than their actual obligation on the subject debt.

58. Defendant further violated § 1692f when it unfairly continued to report the subject debt on Plaintiffs' credit reports, despite the fact that it knew or should have known the information it was submitting was inaccurate.

59. Defendant also violated § 1692f when it unfairly failed to disclose in its collection letters the portion(s) of the balances it was collecting that would explain why such balances became significantly higher than the underlying judgment.

60. It was further a violation of § 1692f to unfairly send collection letters structured in a way to confuse Plaintiff as to her rights under the FDCPA.

61. Additionally, Defendant violated § 1692f when it unfairly referenced the imposition of interest in its collection letters. Since the collection of such interest was waived by Arbors, Defendant's representation that it could collect interest is unfair and unconscionable conduct.

### d.  Violations of FDCPA § 1692g

62. The FDCPA, pursuant to 15 U.S.C. §§ 1692g(a)(1)-(5), requires debt collectors to provide to consumers certain pieces of information in their initial written communications to such consumers. Under § 1692g(a)(1), Defendant must provide "the amount of the debt."

63. Further, pursuant to 15 U.S.C. §1692g(b), provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

64. Defendant violated § 1692g(a)(1) through its failure to adequately disclose the amount of the subject debt. Aside from the fact that Defendant was collecting the incorrect amount, Defendant's collection letters, given their reference to interest, needed to provide an indication to Plaintiffs that the amount they ultimately pay may be greater than the amount reflected in the letter due to interest that continues to accrue. However, Defendant's failure in this regard renders its attempts to comply with 15 U.S.C. § 1692g(a)(1) deficient.

65. Furthermore, Defendant violated §1692g(b) by sending an additional dunning letter to Plaintiffs within the 30-day period outlined in the first dunning letter. Defendant's March 28th Letter began Plaintiff's 30-day clock to submit a dispute to Defendant in a manner that would trigger certain duties on behalf of Defendant. However, because Defendant referenced an additional 30-day window (in the April 10th Letter) within the initial 30-day window, Defendant's April 10th Letter overshadows and is inconsistent with Defendant's disclosure of Plaintiff's rights in the March 28th Letter.

66. WHEREFORE, Plaintiffs, DEBRA L. COLASANTI-EMILIANI and STEFANO COLASANTI-EMILIANI, respectfully requests that this Honorable Court enter judgment in their favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiffs restate and reallege paragraphs 1 through 65 as though fully set forth herein.

68. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

69. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

70. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.10(f)

71. The RFDCPA, pursuant to Cal. Civ. Code § 1788.10(f), prohibits a debt collector from threatening to take any action against the debtor which is prohibited under the RFDCPA.

72. Defendant violated § 1788.10(e) through its repeated attempts to collect an amount from Plaintiffs which they do not owe. Attempting to collect significantly more than the actual balance of a debt is prohibited by the RFDCPA, and is inviolation of § 1788.10(e).

73. Defendant further violated § 1788.10(e) through its false and inaccurate reporting of the subject debt on Plaintiffs' credit reports.

### b.  Violations of RFDCPA § 1788.13(e)

74. The RFDCPA, pursuant to Cal Civ. Code §1788.13(e), prohibits a debt collector from "[t]he false representation that the consumer debt may be increased by the addition of attorney's fees,

12

investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

75. Defendant violated § 1788.13(e) through its false representation as to interest that was accruing on the subject debt.

76. Defendant further violated § 1788.13(e) through its false and artificial inflation of Plaintiffs' obligation on the subject debt in the collection letters it sent Plaintiffs.

### c. Violations of RFDCPA § 1788.14(b)

77. The RFDCPA, pursuant to Cal Civ. Code § 1788.14(b), prohibits debt collectors from "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law . . ."

78. Defendant violated § 1788.14(b) when it attempted to collect an amount from Plaintiffs substantially greater than their obligation. Defendant's attempts in this regard illustrates that at least a portion of the improper amounts Defendant attempted to collect would be in connection with Defendant's services provided in connection with the subject debt.

### d. Violations of RFDCPA § 1788.17

79. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

80. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§ 1692d, e, f, and g of the FDCPA. Defendant engaged in harassing, deceptive, and unfair conduct in violation of the FDCPA. Such conduct similarly subjects Defendant to liability under the RFDCPA.

13

1

2

WHEREFORE, Plaintiffs, DEBRA L. COLASANTI-EMILIANI and STEFANO COLASANTI-EMILIANI, respectfully requests that this Honorable Court enter judgment in their favor as follows:

3

4

5

6

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

7

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

8

9

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

10

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

11

e. Award any other relief as the Honorable Court deems just and proper.

12

13

Dated: June 28, 2019                    Respectfully submitted,

14

15

16

17

18

19

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com

20

21

22

23

24

25

26

27

28